| | |
|---|---|
| DARLENE BRUNETT, individually, and on behalf of all others similarly situated, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| v. | ) ) |
| | ) |
| CONVERGENT OUTSOURCING, INC., | ) ) |
| | ) |
| Defendant. | ) ) |
| | ) |

JURY DEMANDED

CASE NUMBER 2:18-cv-00168

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff DARLENE BRUNETT ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her lead counsel, James C. Vlahakis, asserts the following Class Action Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") against Defendant CONVERGENT OUTSOURCING, INC., ("Defendant"):

### INTRODUCTION

1.      This action seeks to recover for violations of the FDCPA resulting from a debt collection letter sent by Defendant to Plaintiff on February 14, 2017, for a consumer debt allegedly owed by Plaintiff in relation to a PayPal Credit account.

2.      A copy of the collection letter is attached as Exhibit A.

3.      The attached collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2) because the letter attempted to collect a consumer debt allegedly owed by Plaintiff to PayPal Credit.

4.      Plaintiff is seeking damages and declaratory and injunctive relief.

**PARTIES, JURISDICTION AND VENUE**

5.       Plaintiff is a citizen and resident of Wisconsin.

6.       Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.       Plaintiff brings this class action on behalf of a class of Wisconsin consumers pursuant the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq. of T

8.       Defendant Convergent Outsourcing, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 800 SW 39th Street, Renton, WA 98057.

9.       Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

13.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Plaintiff resides in this judicial district.

**NATURE OF THE ACTION**

14.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

15.     The amount allegedly owed toward the subject debt is $1,012.13.

16.     The letter states in part: "[Paypal Credit] has advised us that they are willing to satisfy your account for 50% of your total balance."

17.     50% of the amount owed ($1,012.13) is $506.06.

18.     The letter contains the following language:

> Notice: The Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600 or more.).

19.     The proposed settlement amount is less than $600.

20.     Because the proposed settlement amount is less than $600, there was no reason for Defendant to reference to 1099-C of the Internal Revenue Service Code.

21.     As an unsophisticated consumer, Plaintiff did not know whether Defendant's "Notice" would apply to her.

22.     On information and belief, Defendant purposefully included this language despite the fact that the subject offer would not lead to the issuance of a 1099-C form.

23.     Defendant unnecessarily included a reference to 1099-C of the Internal Revenue Service Code to confuse, deceive and mislead consumers regarding their rights.

24.     Alternatively, unnecessarily included a reference to 1099-C of the Internal Revenue Service Code to cause consumers to refrain from asking for more than a 50% discount of the debt.

25.     For example, a 60% reduction of the debt would lead to just over a $600 reduction or discharge of the debt.

26.     Given Defendant's 50% reduction of the debt, it would not be unreasonable for a consumer to consider seeking *a further reduction*, but for Defendant's confusing and incomplete reference to 1099-C of the Internal Revenue Service Code.

27.     Further, Defendant's reference to 1099-C of the Internal Revenue Service Code violated the FDCPA because the use of the language overshadows Plaintiff's legal rights.

28.     Defendant's reference to 1099-C was misleading and deceptive because the letter does not explain that it is only under certain limited circumstances that a 1099-C Form may be reported to the IRS.

29.     Treasury Regulation 1.6050P requires that an applicable entity report a cancellation or discharge of indebtedness in excess of $600 *if, and only if*, an identifiable event has occurred as described in paragraph (b)(2) of that section. *See, e.g.*, 26 C.F.R. § 1.6050P-1(b)(2)(F).

30.     According to 26 C.F.R. § 1.6050P-1(b)(2)(F), there are exceptions to the reporting requirement:

**(d) Exceptions from reporting requirement**

(1) Certain bankruptcy discharges –

(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit). (4) Indebtedness of foreign debtors held by foreign branches of U.S. financial institutions –

(5) Acquisition of indebtedness by related party. No reporting is required under this section in the case of a deemed discharge of indebtedness under section 108(e)(4) (relating to the acquisition of an indebtedness by a person related to the debtor), unless the disposition of the indebtedness by the creditor was made with a view to avoiding the reporting requirements of this section.

(6) Releases. The release of a co-obligor is not required to be reported under this section if the remaining debtors remain liable for the full amount of any unpaid indebtedness.

(7) Guarantors and sureties. Solely for purposes of the reporting requirements of this section, a guarantor is not a debtor. Thus, in the case

of guaranteed indebtedness, reporting under this section is not required with respect to a guarantor, whether or not there has been a default and demand for payment made upon the guarantor.

26 .F.R. § 1.6050P-1(b)(2)(F)).

31.     The collection letter failed any of these reporting act exceptions.

32.     As discussed below, Defendant could have avoided any problems by simply not referencing the IRS in its collection letter, especially since there is no set of circumstances under which the IRS could become involved in Plaintiff's alleged debt.

33.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### COUNT I - 15 U.S.C. §1692e et seq.

34.     Plaintiff incorporates the above paragraphs into this Count.

35.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation in connection with the collection of any debt.

36.     According to §1692e:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

37.     Defendant violated § 1692e(5) and § 1692e(10) because no form 1099-C would ever issue under the settlement proposal made by Defendant.

38.     Despite this fact (which would have been known to Defendant but not an unsophisticated consumer), Defendant made a false, deceptive, or misleading

representation in the collection of the subject debt which overshadowed the nature of its offer which served to confuse unsophisticated consumers like Plaintiff.

39. Defendant violated § 1692e(5) and § 1692e(10) by making a false and misleading representation in violation without indicating the exceptions that may apply.

40. Defendant's failure to note the applicable 1099-C exceptions is deceptive, and states a claim under the FDCPA. *See, e.g., Carlvin v. Ditech Fin. LLC*, No. 16-CV-08386, 2017 WL 635151, at *4 (N.D. Ill. Feb. 16, 2017).

41. Further, it was deceptive and misleading for Defendant to invoke the IRS in a situation where there is no set of circumstances in which a 1099-C disclosure would be required. *See, e.g., Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016).

42. There was no set of circumstances under which the IRS could possibly be involved in the alleged debt as Plaintiff's expenses exceed her income, and she is insolvent and not required to report the cancellation herself. *See* IRS Publication 4681, Canceled Debts, Foreclosures, Repossessions, and Abandonments (for Individuals) (an individual does not include cancelled debt as income to the extent her expenses exceed her income at the time of cancellation).

43. Defendant's statement falsely suggested that it would have to issue a 1099-C disclosure if Plaintiff fails to pay the alleged debt in full, where in reality, there were no circumstances where the IRS would be involved.

44. On information and belief, Defendant referenced 1099-C to lead an unsophisticated consumer to believe that his/her debt could be reported to the IRS if he/she did not pay the full amount of the debt.

45. Defendant threatened to take an action it could not legally take when it threatened to report certain amounts of Plaintiff's discharge of indebtedness as required

by Internal Revenue Code Section 6050P and to issue a form 1099-C as a result of settling the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

46.     Defendant's reference to 1099-C is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, 14-cv-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

47.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material.  *See, e.g., Lox v. CDA*, 689 F.3d 818, 827 (2nd Cir. 2012).

48.     Defendant's misrepresentation that the IRS would become involved if the consumer paid less than the full amount of the debt owed could cause Plaintiff to feel required to pay more of the alleged debt than Defendant was offering in settlement to avoid IRS involvement.

49.     Additionally, Defendant made a false, deceptive, or misleading representation regarding the amount of the debt by asking Plaintiff to pay $506.07, which that amount is more than 50% of the debt in question.

50.     For the reasons set forth above, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §§ 1692e(2)(A),  1692e(5) and  1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II - 15 U.S.C. §1692f et seq.

51.     Plaintiff incorporates the above paragraphs into this Count.

52.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

53.     Defendant violated this section by unfairly and falsely suggesting to Plaintiff that Defendant could issue a 1099-C if she accepted the settlement offer when Defendant knew that the circumstances did not support the inclusion of this language.

54.     Defendant violated this section by unfairly and falsely suggesting to Plaintiff that she should only pay the settlement offer or run risk of the issuance of a form 1099-C.

55.     For the reasons set forth above, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## CLASS ALLEGATIONS

56.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.     The proposed class involves: (a) all persons who were sent a collection letter in substantially the same form letter as the Collection Letter attached as Exhibit A; (b) to addresses within the States of Illinois, Indiana and Wisconsin; (c) one year prior to the filing of this class action; and (d) where the collection letters were not returned by the postal service as undelivered.

58.     The identities of all class members are readily ascertainable from Defendant's collection records.

59.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Defendant, and all of their respective immediate families, legal counsel for all parties to this action and all members of their immediate families and this Court and persons working with or for this Court.

60.     There are common questions of law and fact between Plaintiff's claims and those of the class.

61.     Common issues predominate over any issues involving only individual class members.

62.     The principal issues are whether Defendant's communications with Plaintiff and the proposed class, such as the above stated claims, violate the FDCPA.

63.     Plaintiff's claims are typical of the class members, as her claims are based upon the same facts and legal theories as the proposed class members.

64.     Plaintiff will fairly and adequately protect the interests of the proposed Class.

65.     Plaintiff has retained counsel with experience in litigating, defending and settling consumer lawsuits, complex legal issues, and class actions.

66.     Plaintiff's lead attorney (James C. Vlahakis) is an experienced class action litigator.

67.     Mr. Vlahakis, (as a former consumer class action defense attorney) has defended hundreds of FDCPA individual and proposed class actions.

68.     In particular, Mr. Vlahakis has jointly moved to certify numerous FDCPA class actions.

69.     Neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

70.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because the use of a class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.

71.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

72. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

73. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

74. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the proposed Class predominate over any questions affecting an individual member, such that class action is superior to other available methods for the fair and efficient adjudication of the controversy.

75. Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23(b)(l)(A) and 23(b)(2) Classes, thereby making appropriate final injunctive relief with respect to the Class as a whole.

76. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

WHEREFORE, Plaintiff respectfully requests judgment as follows: certify this action as a class action; appoint Plaintiff as Class Representative of the Class; appoint her attorneys as Class Counsel; find that Defendant's actions violate the FDCPA; award damages against Defendant pursuant to 15 U.S.C. § 1692k; award Plaintiff's attorneys'

fees pursuant to 15 U.S.C. § 1692k; issue declaratory and injunctive relief; and grant all other relief that the Court determines is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows: certify this action as a class action; appoint Plaintiff as Class Representative of the Class; appoint her attorneys as Class Counsel; find that Defendant's actions violate the FDCPA; award damages against Defendant pursuant to 15 U.S.C. § 1692k; award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; issue declaratory and injunctive relief; and grant all other relief that the Court determines is just and proper.

Respectfully submitted,

Plaintiff DARLENE BRUNETT, individually, and on behalf of all others similarly situated,

By: ___s/James Vlahakis_____
James Vlahakis (lead counsel)
*jvlahakis@sulaimanlaw.com*
Ahmad T. Sulaiman
*ahmad.sulaiman@sulaimanlaw.com*
Omar T. Sulaiman
*osulaiman@sulaimanlaw.com*
Mohammed O. Badwan
*mbadwan@sulaimanlaw.com*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
(630) 575-8188 facsimile