## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | | |
|---|---|---|
| DARLENE BRUNETT, | ) | Case No.: 2:18-cv-00168-LA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF'S MOTION TO CERTIFY** |
| | ) | |
| CONVERGENT OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | Hon. Lynn Adelman |
| | ) | |
| | ) | |

### MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff DARLENE BRUNETT, by and through her attorney, James C. Vlahakis, moves to certify a putative class action against Defendant CONVERGENT OUTSOURCING, INC. ("Convergent") and on behalf of a class of similarly situated Wisconsin residents and in support states as follows:

### I.    Introduction

1.    Plaintiff is a consumer as defined by Sections 1692(a)(3) of Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (the "FDCPA" or "Act").  Plaintiff filed suit on January 30, 2018, based upon a collection issue sent to her by Defendant on or about February 17, 2018.  This two Count proposed class action concerns the legality of all standard form collection letters used by Convergent.

2.    The collection letter is a "communication" as defined by Section 1692a(2) of the Act because the letter attempted to collect a consumer debt allegedly owed by Plaintiff to Comenity Capital Bank and in particular, a PayPal Credit Account. A copy of the relevant portion of the February 17, 2018, letter is included on the following page.

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

**Convergent**

Convergent Outsourcing, Inc.
800 SW 39th St/PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM PT
877-317-1200

Date: 02/14/2017
Creditor: Comenity Capital Bank
PayPal Credit Account #: 5049906070696679
Convergent Account #: T-40011303

Reduced Balance Amount: $ 506.07
Amount Owed: $1,012.13
Total Balance: $1,012.13

Darlene Brunett
3148 S 108Th St Apt 203
West Allis WI 53227-4060

---

**Reduced Balance Opportunity**

---

Dear Darlene Brunett:

This notice is being sent to you by a collection agency. Your PayPal Credit account, has a past due balance of $1,012.13.

Our client has advised us that they are willing to satisfy your account for 50% of your total balance. The full amount must be received in our office by an agreed upon date. If you are interested in taking advantage of this opportunity, call our office within 60 days of this letter. Even if you are unable to take advantage of this opportunity, please contact our office to see what terms can be worked out on your account. We are not required to make this arrangement to you in the future.

Notice: The Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600.00 or more.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

3.    The upper right corner of the collection letter identifies a "Reduced Balance Amount" of $506.07" and directly below that, the letter lists the "Amount Owed: $1,012.13." The center section of the letter contains the words "Reduced Balance Opportunity" within a rectangular box.

4.    The first sentence in the body of the letter informed Plaintiff that "[t]his notice is being sent to you by a collection agency." The second sentence in body of the collection letter indicates that Plaintiff "has a past due balance of $1,012.13." states in relevant part: "Our client has advised us that they are willing got to satisfy your account for 50% of your total balance."

2

5.      The collection letter (and hundreds like it) contained the following phrase:

> Notice:   The Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600 or more.

(hereafter the "1099-C Disclosure language").

6.      Convergent answered the Complaint and denied that the 1099-C Disclosure language violated the FDCPA. Convergent no longer uses 1099-C Disclosure language on its collection letters.

7.      Section 1692e of the FDCPA which states that "[a]debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"

8.      Section 1692e(5) prohibits debt collectors from threating "to take any action that cannot legally be taken or that is not intended to be taken."

9.      Section 1692e(10) prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

10.     Plaintiff contends that the 1099-C Disclosure language constitutes a false, deceptive, and misleading representation in violation of Section 1692e because under no set of circumstances would the Internal Revenue Service ("IRS") require Convergent or the creditor at issue (Comenity Bank) to file a IRS Form 1099-C. The 1099-C Disclosure language constitutes a false, deceptive, and misleading representation because the proposed scenario – the issuance of a Form 1099-C cannot occur under in light of the amount owed and the proposed discharge of indebtedness. Here, with the principal debt being identified as $1,012.13, the proposed discharge of indebtedness, $506.07, was for less $600.

11.     Defendant violated Section 1692e(5) because it threatened "to take . . .

action that cannot legally be taken or that is not intended to be taken."

12.     Defendant violated 1692e(10) which states that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   Again, there are no set of circumstances where Defendant or its creditor would have been required to issue a Form 1099-C.

13.     Defendant violated Section 1692f which provides that a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt. Defendant violated this Section by unfairly and falsely suggesting to Plaintiff that Defendant could issue a 1099-C if she accepted the settlement offer when Defendant knew that the circumstances did not support the inclusion of this language.

14.     Simply stated, Defendant should never have included the 1099-C Disclosure language where any consumer was sent a collection letter where the discharge of indebtedness was less than or where the subject debt was for less than $600.

15.     The proposed class action consists of residents Wisconsin, Indiana and Illinois where the collection letters sent to these residents listed (a) an amount owed that was less than $600 or (b) listed a proposed discharge of indebtedness that was for less than $600.   Under either scenario, as a matter of law, no IRS Form 1099-C could be issued.   Despite knowing this fact, Defendant included the 1099-C Disclosure language on letters sent to individuals owing less $600 or where a proposed discharge of indebtedness was for less than $600.    As detailed in Plaintiff's accompanying Memorandum of Law, including this language where no form 1099-C could be issued constitutes a deceptive, misleading and false representation.

16.     While Defendant couched the 1099-C Disclosure language with the word

4

"may" to state that "[t]he Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600 or more", under no circumstances could the creditor issue a 1099-C where a consumer's total debt is less than $600 or where a proposed discharge of indebtedness was for less than $600.

17.     The parties have recently completed discovery.Defendant has moved for summary judgment in its favor and against Plaintiff.  Dkt. 34.  Plaintiff will oppose summary judgment on the basis that there is a material question of fact as to whether the letter violates the Sections 1692e and 1692e(10) of FDCPA.

18.     For the reasons that follow, the proposed class should be certified because Plaintiff has satisfied all of the requirements of Federal Rule of Civil Procedure 23.

## II.     <u>Class Certification Requirements</u>

19.     The proposed class involves:

> (a) all persons who were sent a collection letter in substantially the same form letter as the Collection Letter attached as Exhibit A; (b) to addresses within the States of Illinois, Indiana and Wisconsin; (c) one year prior to the filing of this class action; and (d) where the collection letters were not returned by the postal service as undelivered.

20.     Each of the following summary statements are explained and supported in Plaintiff's accompanying Memorandum of Law.

21.     **Numerosity is Satisfied**. This action complains of computer-generated, standard forms used by Defendant.  Discovery produced in this case demonstrates that Defendant mailed 2,666, collection letters to consumers with addresses in the states of Wisconsin, Indiana and Illinois, where the amount owed was less than $600 or the proposed discharge of indebtedness was for less than $600.

22.     This 2,666 figure is broken down as follows:

        a.  499 Wisconsin residents were sent a similar 1099 Form Letter;

b. 1,430 Illinois residents were sent a similar 1099 Form Letter; and

c. 736 Illinois residents were sent a similar 1099 Form Letter.

23. The class is so numerous that joinder of all members is impractical.

24. **The Class Members are Ascertainable**. Defendant's records identify the Wisconsin consumers who were sent the 1099 Form Letter during the relevant time period.

25. **Typicality is Satisfied**. Plaintiff's circumstances and claims typical of those of the class members. All are based on the same factual and legal theories. The theory presented is whether a form collection letter violates the FDCPA.

26. **Commonality is Satisfied**. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary question is whether Defendant's form collection letters violate Sections 1692e and 1692e(10) of the Act. The legal issues are whether the subject language constitutes a deceptive, misleading and false representation where (**a**) a consumer's total debt is less than $600 or (**b**) where a proposed discharge of indebtedness was for less than $600.

27. **Plaintiff is an Adequate Class Representative**. Plaintiff will fairly and adequately represent the class members.

28. **Proposed Class Counsel is Appropriate**. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

29. **Superiority is Satisfied**. A class action is superior for the fair and efficient adjudication of the proposed class members' claims.

30. In further support of this motion, Plaintiff submits a memorandum of law, incorporated by reference.

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that this Court enter an order: (**a**) certifying the proposed class in this case; (**b**) appointing the Plaintiff as Class Representative; (**c**) appointing James C. Vlahakis as Class Counsel; and (**d**) for such other and further relief as the Court may deem appropriate.

Respectfully submitted,

_/s/ James C. Vlahakis_
James C. Vlahakis
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone No.: 630-581-5456
Fax No.: 630-575-8188
jvlahakis@sulaimanlaw.com

_Attorney for Plaintiff Darlene Brunett and the proposed class members_

Dated: April 1, 2019

7

## CERTIFICATE OF SERVICE

I, James C. Vlahakis, certify that on April 1, 2019, I caused to be filed the above referenced document via the district's ECF system, which shall serve a file stamped copy of this document on all counsel of record.

/s/ James C. Vlahakis