UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

___

DARLENE BRUNETT,

    Plaintiff,

Case No.: 2:18-cv-00168-LA

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.

___

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, CONVERGENT OUTSOURCING, INC. ("Convergent"), by and through its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 56 and the Local Rules for the Eastern District of Wisconsin Federal District Court, submits its Reply in Support of its Motion for Summary Judgment and states as follows:

## ARGUMENT[1]

**I. This Court should grant summary judgment in favor of Convergent because the letter was not false and misleading as there was no misstatement of the law and Plaintiff was not misled regarding the statement of cancellation of debt.**

Plaintiff claims, in conclusory fashion, that Convergent violated § 1692e(10) of the FDCPA by claiming that there are no set of circumstances where the creditor would have been required to issue a Form 1099-C. However, Plaintiff is mistaken because the text of the collection letter makes it clear that there were other options available to Plaintiff if she was unable to take advantage of the opportunity to pay a 50% reduced balance to satisfy her debt.

___

[1] Plaintiff's Response explains that Plaintiff withdraws any claims regarding the reduced balance offer was rounding up by .005 cents as alleged in Plaintiff's Complaint. Thus, Convergent does not address such issue in its Reply.

(Collection Letter, Dkt. #36-3). If Plaintiff had called Convergent to ask for debt forgiveness of $600 or more, that payment option could trigger the reporting requirement. According to the Internal Revenue Code, an entity that discharges a debt may be required to file a 1099-C form with the IRS. *See* 26 U.S.C. § 5060P(a). Considering that Plaintiff was presented with an opportunity for $506.06 in debt forgiveness, it is not unimaginable that she could have asked for another $100 or more in debt reduction given her circumstances and her proclaimed ability to only pay $5 a month towards the debt. Thus, the cancellation of debt notice was not a false statement but an informative one. The notice only helps individuals like Plaintiff to make an informed decision regarding payment of the debt and provides a disclosure regarding tax consequences which may be possible if there is a discharge of indebtedness of $600 or more.

Plaintiff spends much of her Response brief attempting to overcome a fatal flaw of her claim. Plaintiff makes repeated references to her deposition testimony in an attempt to bolster her claim that she was confused and intimidated. However, Plaintiff's deposition testimony actually only reveals that Plaintiff lacked an understanding about why the disclosure was included in the letter, not that she was confused **by** the language in the disclosure or that this disclosure had any impact or influence on her to pay the debt. Just because one does not understand why a disclosure appears on a collection letter does not mean that they do not understand the language of the disclosure and how it relates to their debt. For example, a debtor may not know the legal reasons why certain disclosures are included on a letter, such as the disclosures required by § 1692g, but that doesn't mean the debtor is incapable of understanding the meaning of the disclosure or how the disclosure applies (or doesn't apply) to the consumer reading it.

In fact, Plaintiff conceded that she knew that the IRS reporting notice did not apply to her as she recognized that if she paid $506.07 to resolve the account, she understood her discharge of indebtedness was less than $600. (Def.'s SMF, ¶ 9). Plaintiff's commentary regarding how she felt intimidated and how she did not understand why the debt cancellation notice appeared on the letter is nothing more than a desperate attempt by the Plaintiff with the assistance of her lawyer to fabricate some type of testimony to avoid summary judgment after the Plaintiff clearly testified she understood the disclosure did not apply to her. Plaintiff is attempting to distract the Court from Plaintiff's clear testimony that she understood that if she paid the reduced amount provided in the letter, the notice would not apply to her because the discharge of indebtedness would be less than $600. (Plaintiff's Deposition Transcript, Def.'s SMF, Exhibit 4, p. 45, l. 7-12) (COURT REPORTER: "The question I have is this statement about the IRS 1009-C doesn't apply to you because its only for discharge of indebtedness greater than 600, and you have a discharge of indebtedness less than 600, right? ANSWER: Right.").

"The unsophisticated consumer may be uninformed, naïve, and trusting, but is not a dimwit, has rudimentary knowledge about the financial world and is capable of making logical deductions and inferences." *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The FDCPA is designed to provide information that helps consumers choose intelligently…to be actionable a misleading statement must have the ability to influence the consumer's decision. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941-42 (7th Cir. 2011). "[W]hile the FDCPA is a strict liability statute . . . *the state of mind of the reasonable debtor is always relevant.*" *Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 646 (7th Cir. 2009) (emphasis added). Here, Plaintiff's state of mind is relevant because it shows that her decision to pay the debt was not influenced by the debt cancellation notice. Plaintiff called Convergent after receiving the

letter and did not raise any concerns or inquiries regarding the cancellation of debt notice. Rather, Plaintiff stated that she was unable to pay the $506.07 to resolve the account but instead offered to make monthly payments of $5.00. (Def.'s SMF, ¶ 12). Plaintiff's actions are proof that the debt cancellation notice was immaterial to her decisions to pay the debt.  Her offer to pay the debt at a rate of $5 per month is an indication that she was willing to acknowledge her debt and to pay it.  If the disclosure had any influence on her decision to pay, she would have either inquired about the notice during her phone call with Convergent or she would have testified to it during her deposition.  She didn't because she understood the notice and it was not an issue for her.

Plaintiff relies on *Foster v. AllianceOne Receivables Mgmt.*, Case No. 15 CV 11108, 2016 U.S. Dist. LEXIS 56958 (N.D. Ill. April 28, 2016) and *Velez v. Enhanced Recovery Co., LLC*, Case No. 16 C 164, 2016 U.S. Dist. LEXIS 57832 (E.D. Pa. May 2, 2016) in claiming that the debt cancellation notice in Convergent's letter is misleading as a matter of law. However, in both *Foster* and *Velez* the courts were considering a motion to dismiss, not a summary judgment motion. To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff's claims are now at the summary judgment stage and Plaintiff is required to produce evidence or proof that the debt cancellation notice is false, misleading and deceptive in violation of the FDCPA. *Hammel v. Eau Galle Cheese Factory*, 404 F.3d 852, 859 (7th Cir. 2005) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier or fact to accept its version of the events"). Neither court in *Foster* or *Velez* held that the debt cancellation language in those cases were misleading as a matter of law.

In *Foster*, the letter at issue offered to settle an approximate $700 debt for approximately $400 and stated, "please be advised that any settlement which waives $600.00 or more in principal of debt may be reported to the Internal Revenue Service by our client." *Foster*, 2016 U.S. Dist. LEXIS 56958 at 2. The court reasoned that "[i]t is *plausible* that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead a person of modest education and limited commercial savvy." *Id.* at * 5-6 (emphasis added). However, the letter in *Foster* lacked language inviting the plaintiff to call the collector to discuss additional payment options if she was unable to take advantage of the reduced amount opportunity. In the instant case, there was a set of circumstances in which the IRS could be involved because Convergent's letter invited Plaintiff to contact them regarding additional payment options if Plaintiff was unable to take advantage of the 50% reduced amount opportunity. If Plaintiff would have called Convergent and asked for debt forgiveness of $600 or more, it is a possibility that the debt cancellation notice would have been applicable to her situation. Thus, Plaintiff's claims that there are no set of circumstances in which the IRS could be involved is plainly false in the instant case. Here, the debt cancellation notice was not deceptive but informative if Plaintiff elected to negotiate a debt forgiveness of $600 or more. Therefore, *Foster* is distinguishable from the facts of the instant case.

Not only was *Velez v. Enhanced Recovery Co.* decided on a motion to dismiss, but the case is from the Eastern District of Pennsylvania, it is not binding on this Court and it contains reasoning contrary to Seventh Circuit case law. In *Velez*, the Court ruled that the plaintiff stated a *plausible* claim that the debt cancellation language was misleading and deceptive. *Velez*, 2016 U.S. Dist. LEXIS 57832 at * 8. The court reasoned that "[t]he conditional 'may' of the Statement does not remove from the realm of possibility that the least sophisticated debtor might be

deceived into thinking that ERC must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to…" *Id.* However, the Seventh Circuit has stated that an unsophisticated consumer would not understand the word "may" to mean "will." *Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 765 (7th Cir. 2018). Here, the debt cancellation notice in Convergent's letter stated that the IRS *may* require financial institutions to file a cancellation of debt form to report the discharge of indebtedness of $600 or more. In light of Seventh Circuit case law, an unsophisticated consumer would not interpret the notice in this case to mean that Convergent *will* file a debt cancellation notice to report Plaintiff's discharge of indebtedness. This is in fact true because it is undisputed that Plaintiff understood that the debt cancellation notice would not apply to her if she paid the 50% reduced amount which was provided in the letter because the reduced amount would result in a discharge of indebtedness less than $600. (Def.'s SMF, ¶ 9). *Velez* is inapplicable to the facts of this case and this Court should ignore Plaintiff's misplaced reliance on it.

Despite Plaintiff's protestations, *Dunbar v. Kohn Law Firm, S.C.* governs the facts of this case. There is no dispute that the debt cancellation notice in the instant case is different than the tax consequences disclosure in *Dunbar* but this does not affect the applicability of the binding case law. In *Dunbar*, the Seventh Circuit considered whether a tax consequences disclosure would confuse the unsophisticated consumer. *Dunbar*, 896 F.3d 762. The Seventh Circuit concluded that even when the disclosure explicitly mentioned that the IRS may require reporting discharge of indebtedness of $600 or more without providing the exceptions to the rule, the unsophisticated consumer would not be misled. *Id.* at 767.

Plaintiff attempts to distinguish *Dunbar* by claiming that Convergent's letter "improperly discloses the possibility of IRS reporting where there is no basis under the law for Defendant to

have included this language or event where the proposed discharge of indebtedness was less than $600." (Pl.'s Response Br., p. 17). As previously stated, Plaintiff's claim that there is no set of circumstances in which the debt cancellation notice would apply is false. Plaintiff's Response fails to address how Convergent's letter makes it clear that additional payment options were available to Plaintiff and how Plaintiff asking for a discharge of indebtedness of $600 or more could create a circumstance in which the debt cancellation notice would apply. Plaintiff simply ignores the possible circumstances and waives any argument against such possible consequences. *See Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (holding that failure to respond to arguments for summary judgment constitutes waiver). Plaintiff's attempt to distinguish *Dunbar* fails.

The debt cancellation notice is not misleading as a matter of law. When read as a whole, the letter indicates that there are additional payment options available to Plaintiff. Those additional payment options have the ability to trigger the IRS debt cancellation reporting requirement. Thus, the debt cancellation notice contained in Convergent's letter informs Plaintiff of potential tax consequences of resolving her debt if it results in a discharge of indebtedness of $600 or more. Plaintiff has not cited any authority which deems Convergent's letter confusing or misleading in violation of the FDCPA. This Court should grant summary judgment in favor of Convergent.

**II. Summary Judgment should be entered in favor of Convergent because Plaintiff fails to provide extrinsic evidence that the letter is misleading to the unsophisticated consumer.**

The Seventh Circuit treats the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact. In doing so, it divides debt collection communications into three categories: those that are plainly and clearly not

misleading, those that are plainly deceptive or misleading, and those, in the middle category, that contain language that is not misleading or confusing *on its face*, but that has the potential to be misleading to the unsophisticated consumer. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800-01 (7th Cir. 2009). For communications that fall into that middle category, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find *the challenged statements* misleading or deceptive." *Id.* at 800 (emphasis added).

Plaintiff mistakenly claims that Convergent's letter is misleading as a matter of law. As discussed above, none of the cases that Plaintiff cites held that the debt cancellation notice in the cases were misleading as a matter of law. The court only held that the plaintiffs stated plausible claims as they were considering motions to dismiss. Now, Plaintiff is at the summary judgment stage and she failed to cite any authority that debt cancellation notice language was misleading as a matter of law. Rather, Plaintiff best case scenario argument in the instant case is that the letter could fall within the middle category of cases set forth in *Ruth*. The Seventh Circuit has clearly and consistently held on multiple occasions that if it is unclear whether an unsophisticated consumer would find a communication deceptive, misleading, or confusing, extrinsic evidence is required to show how consumers perceive the communication. *See Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 415, 419 (7th Cir. 2005); *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006); *Taylor*, 365 F.3d at 575; *Chuway v. Nat'l Action Financial Servs., Inc.*, 362 F.3d 944 (7th Cir. 2004); *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999). The Seventh Circuit explained that where a plaintiff argues a "potential for deception," this perception can only be shown

303738806v1 1015507
Case 2:18-cv-00168-LA    Filed 05/22/19    Page 8 of 11    Document 48

through some form of evidence, "the most useful sort being the kind of consumer survey" previously espoused by the Court. *See Johnson*, 169 F.3d at 1060-61; *Durkin*, 406 F.3d at 415. Plaintiff conceded that she was not confused by the debt cancellation notice in Convergent's letter and does not submit any evidence that anyone was confused by the notice. Plaintiff has not met her burden on whether an unsophisticated consumer would perceive Convergent's letter in the same idiosyncratic manner she alleges.

Plaintiff's Response lacks any argument to address Convergent's argument that Plaintiff cannot survive summary due to Plaintiff's failure to provide extrinsic evidence of confusion. Plaintiff's only mention of extrinsic evidence in her Response is one sentence stating that Convergent "is mistaken in its argument that Plaintiff was required to resort to a costly consumer survey." (Pl.'s Response Br., p. 15). However, Plaintiff does not explain why she believes Convergent is mistaken. Again, Plaintiff waives an argument by failing to address Convergent's arguments for summary judgment. *See Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (holding that failure to respond to arguments for summary judgment constitutes waiver).

If one were to presume that Plaintiff had presented extrinsic evidence of substantial consumer confusion, it does not mean the Plaintiff would win because the Seventh Circuit explained that extrinsic evidence was necessary to create a genuine issue of fact for trial, not that extrinsic evidence entitles an FDCPA plaintiff to summary judgment. *Durkin*, 406 F.3d at 415. The Court explained that "the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing **in order to create a genuine issue of material fact for trial**." *Id*. (emphasis added). Unfortunately for Plaintiff, she has no evidence, extrinsic or otherwise, that anyone perceived the letter in any manner which could

303738806v1 1015507

violate the FDCPA.  Plaintiff's own desperate self-serving assertions that she felt intimidated by a debt collection letter for a debt that she owes and that she did not understand why the debt cancellation notice (that she nonetheless understood would not apply to her) appeared on the letter cannot save her claims from summary judgment. This Court should enter judgment in favor of Convergent.

WHEREFORE, Defendant, CONVERGENT OUTSOURCING, INC., respectfully requests that this Court grant summary judgment in its favor and for any additional relief this Court deems just and appropriate.

> Respectfully submitted,
>
> HINSHAW & CULBERTSON LLP
>
> */s/ Lindsey A.L. Conley*
> Lindsey A.L. Conley

Nabil G. Foster
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail: nfoster@hinshawlaw.com
E-mail: lconley@hinshawlaw.com

# CERTIFICATE OF SERVICE

      I, Lindsey A.L. Conley, an attorney, certify that I shall cause to be served a copy of **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on May 22, 2019.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | James C. Vlahakis |
| ___ | Federal Express | SULAIMAN LAW GROUP, LTD. |
| ___ | E-Mail & U.S. Mail | 2500 S. Highland Avenue, Suite 200 |
| ___ | Messenger | Lombard, IL 60148 |
| | | Phone: (630) 581-5456 |
| | | Fax: (630) 575-8188 |
| | | Email: jvlahakis@sulaimanlaw.com |

Nabil G. Foster                                       */s/ Lindsey A.L. Conley* 
Lindsey A.L. Conley                        Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP      One of the Attorneys for Defendant
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone:312-704-3000
Facsimile:312-704-3001
nfoster@hinshawlaw.com
lconley@hinshawlaw.com