# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARLENE BRUNETT,**
        **Plaintiff,**

  v.                                     Case No. 18-C-0168

**CONVERGENT OUTSOURCING INC.,**
        **Defendant.**

## DECISION AND ORDER

Darlene Brunett filed this putative class action against Convergent Outsourcing, Inc., ("Convergent") alleging that a collection letter it sent her contained language that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Pending before me are plaintiff's motion for class certification and defendant's motion for summary judgment.

## I.    BACKGROUND

The undisputed facts of the case are as follows. Darlene Brunell incurred a debt of 1012.13 owed to Comenity Bank, related to her PayPal account. She failed to pay the balance of her account and Comenity Bank placed the account with defendant Convergent for collection. Convergent set a collection letter to Brunell, which included the following language:

> This notice is being sent to you by a collection agency. Your PayPal Credit account, has a past due balance of $ 1012.13.
>
> Our client has advised us that they are willing to satisfy your account for 50% of your total balance. The full amount must be received in our office by an agreed upon date. If you are interested in taking advantage of this

> opportunity, call our office within 60 days of this letter. Even if you are unable to take advantage of this opportunity, please contact our office to see what terms can be worked out on your account. We are not required to make this arrangement to you in the future.
>
> Notice: The Internal Revenue Service may require financial institutions to file form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600.00 or more.

ECF # 39-2 at 2. If Brunett had accepted the offer offered in the letter, she would have paid $506.07 to Convergent, and Convergent would have discharged the remaining $506.06. Since that amount is less than $600.00, the IRS reporting requirement would not have been triggered.

After receiving the letter, Brunett called Convergent and stated that she was unable to pay the $506.07 to resolve the account, instead offering to make monthly payments of $5.00.

Plaintiff testified at her deposition that she was confused by the inclusion of the IRS notice in the collection letter, and was unsure under what conditions it would apply to her. She alleges that the inclusion of such a notice might cause a recipient of such a letter to pay the entire debt to avoid trouble with the IRS, thus foregoing various options and protections available to debtors.

## II. CLASS CERTIFICATION

Brunett's proposed class consists of "2,666 residents of Wisconsin, Indiana, and Illinois who were [*sic*] the collection letters sent to those residents listed (a) an amount owed that was less than $600 or (b) listed a proposed discharge of indebtedness that

2

was for less than $600." ECF # 38 at 3-4. Brunett moves that she be appointed class representative and that her counsel, James Vlahakis, be appointed class counsel.

Federal Rule of Civil Procedure 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Pro. 23(a). Plaintiff fails to meet both the typicality and the commonality prerequisites to class certification.

To explain why this is so, I must undertake some discussion of the FDCPA. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; see *Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). The provision sets forth a nonexclusive list of prohibited practices in sixteen subsections. Brunett proceeds under subsections (5) and (10), which proscribe, respectively, '[t]he threat to take any action that cannot legally be taken or is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10). Brunett also invokes § 1692f, which proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because the § 1692f claim rests on the same premise as

3

the § 1692e claim—i.e., that the language in Convergent's letter regarding IRS reporting was misleading—the two claims are subject to the same analysis.

The Seventh Circuit has held that statements alleged to be false or misleading under the FDCPA fall into three categories. *Ruth*, 577 F.3d at 800. The first consists of statements that are "plainly, on their face . . . not misleading or deceptive. In these cases, [the court] does not look to extrinsic evidence to determine whether consumers were confused. Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law. *Id.* The second category consists of statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, . . . plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements are misleading or deceptive. *Id.* The third category consists of statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to the plaintiff on that basis." *Id.* at 801. To perform the typicality and adequacy analyses required under Rule 23(a), I must determine into which *Ruth* category Convergent's IRS reporting notice falls.

The statute governing IRS form 1099-C provides that "[a]ny applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year shall [file] a return," 26 U.S.C. § 6050P(a), but it exempts from that requirement "any discharge of less than §600," 26 U.S.C. § 6050P(b). The implementing regulation carves various exceptions where debts greater than $600 need not be reported. *See* 26 C.F.R. § 1.6050P-1(a)(1). Thus, the notice that "the Internal

4

Revenue Service may require financial institutions to file form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600.00 or more" is on its face an accurate statement of the law.

Nevertheless, the Seventh Circuit has held that a collections letter is false and misleading "if it implies that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd,* 689 F.3d 818, 825 (7th Cir. 2012), *quoted in Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018). In *Lox*, for example, a collections letter was misleading on its face to the unsophisticated debtor because it stated that a court might allow a creditor to collect attorney fees from a debtor when, under the applicable law, the creditor would not under any circumstances have been eligible for attorney fees. 689 F.3d at 824. In *Boucher,* the collections letter was misleading because it stated that, "[b]ecause of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater," when under applicable state law the creditor could not impose late charges or other charges. 800 F.3d at 367.

Thus, to determine whether the IRS reporting notice in Convergent's collection letter was misleading on its face, I must consider whether the IRS reporting warned of might legally come to pass. If plaintiff had accepted the $507.06 discharge offer in the letter, it would not have triggered the reporting requirement. On the other hand, the amount of her debt was greater than $600.00 and nothing in the letter would bar the creditor from discharging a larger portion of plaintiff's debt. The outcome implied in the notice, i.e., IRS reporting, is one that could conceivably under the circumstances come to pass. As applied to plaintiff, therefore, the notice is not misleading on its face, and

5

does not fall within the third *Ruth* category. On the other hand, if the amount of plaintiff's debt had been less than $600.00, the notice would have implied an outcome that could not legally have come to pass, and would therefore have been misleading on its face.

Thus, the IRS notice at issue was misleading on its face in the case of putative class members whose total debt was less than $600, and only plausibly misleading in the case of those whose debt exceeded §600. This distinction is salient to Rule 23(a)(3)'s typicality analysis. Rule 23(a)(3) "'primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large.'" *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (quoting *De La Fuente v. Stokely-Van Camp*, Inc., 713 F.2d 225, 232 (7th Cir. 1983)). Whether a statement in a collection letter is misleading on its face or only plausibly misleading is an "essential characteristic of the claim," as a plaintiff seeking to recover on the basis of a plausibly misleading statement must produce evidence that the statement was, in fact, misleading. Thus, Brunett's claim is not typical of the claims of those putative class members whose total debt was less than $600, and she cannot represent them in this action.

There remain those putative class members whose total debts, like Brunett's, exceeded $600.00 when they received Convergent's letter. Brunett's claim is typical of these class members' claims, but her motion for class certification nevertheless fails because she has not shown that she will adequately represent these class members' interests. "Adequate representation . . . ensures that the class's champion will pursue its interests sufficiently well so as to produce a judgment that can fairly bind all members of a group who cannot appear before the court individually." *Newberg on Class Actions* §

3:50. As already discussed, Brunett and other class members whose debts exceeded $600.00 must present extrinsic evidence that the statement in the letter they received is misleading to the unsophisticated consumer. *Ruth*, 577 F.3d at 800. However, in response to Convergent's motion for summary judgment on this issue, Brunett presents no such extrinsic evidence; she proffers only her own self-serving testimony that she was confused, and that is insufficient to create a genuine issue of fact as to whether a significant fraction of the population would have been similarly confused after reading the letter. *See Pettit v. Retrieval Masters Credit Bureau, Inc.*, 211 F.3d 1057, 1061-62 (7th Cir. 2000). Further, her response to Convergent's motion for summary judgment suggests that she is unwilling or unable to take on the expense of a "costly consumer survey," as would be necessary to provide evidence of the statement's misleading nature. ECF # 43 at 15. Because she has not provided and appears unwilling to provide evidence of an essential element of her claim, Brunett has not shown that she will adequately protect the interests of the proposed class.

For these reasons, I will deny Brunett's motion for class certification.

### III.  SUMMARY JUDGMENT

There remains Convergent's motion for summary judgment on Brunett's individual claims. Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I view the evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

Brunett's claim fails as a matter of law for the same reason that she failed to establish her adequacy as a class representative: she has not presented extrinsic evidence that might convince a trier of fact of the notice's misleading nature. It's quite plausible that the notice in the letter in this case is misleading to the unsophisticated debtor; for example, the unsophisticated debtor might not know whether the term "discharge" applies to the entire amount of a resolved debt or only that portion waived by the creditor. But that is a jury question, and the jury needs extrinsic evidence on which to base its determination. Because plaintiff has not presented such evidence, she cannot survive defendant's motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion for class certification (ECF # 37) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file supplemental authority (ECF # 49) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (ECF # 34) is **GRANTED**. The Clerk of Court shall enter final judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2019.

                                                  s/Lynn Adelman_____
                                                  LYNN ADELMAN
                                                  District Judge